[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 17, 1968 in Tulsa, Oklahoma. The plaintiff has resided continuously in this state since September 1983. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. The court has carefully considered the criteria set forth in46b-81, 46b-82 and 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of approximately 23-1/2 years. Both parties are 45 years of age. The two children issue of this marriage are over the age of 18 years. Both parties are in reasonably good health.
The plaintiff has her masters in social work and is presently employed by Medical Options as a Director of Counseling. She expects to be licensed within a short period of time. The plaintiff also receives additional compensation as a consultant and as a rape crises counselor. Her fixed annual income is approximately $32,000 gross. The plaintiff's consulting fees were found to be approximately $2,400.
The defendant has been terminated from his employment as Vice President of Sales. The defendant earned $179,000 in 1991 including commissions and overrides. The defendant's severance pay will extend for six months and will be based on his annual gross salary of $107,000 without commissions and bonuses. The CT Page 4658 defendant will also be reimbursed for certain business expenses incurred prior to his termination, but the amount is unknown. His medical insurance and life insurance will also be continued during this six month period.
In October 1991 the defendant withdrew approximately $36,000 from a savings/certificate of deposit account and paid-down credit cards, college tuitions for the two children, $5,000 for his attorney's fees and other miscellaneous expenses such as broker's fees and $2,800 for clothing at Barney's. The defendant claims that this account was completely expended by December 16, 1991.
An inordinate amount of time was spent on the fault aspect of this marriage. The plaintiff recounted incidents of physical abuse, alcoholism and extra marital affairs on the part of the defendant. The plaintiff also testified at length concerning certain sexually transmitted diseases including herpes, genital warts and pubic lice, for which she required medical treatment.
The court finds that the defendant did engage in extra marital affairs which have continued up to the present time.
Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that the greater fault for the cause of the breakdown must be attributed to the defendant.
The major asset of this marriage at this time is the marital home located at 56 Megan Lane, Stamford, Connecticut. The plaintiff indicated the property had a value of approximately $420,000 to $440,000 on her financial affidavit. The mortgage balance is approximately $311,500 — leaving an equity of $108,500 to $128,000. The home is presently on the market for sale and both parties agree that the home ought to be sold. The mortgage is presently approximately three months in arrears.
The defendant has not filed a 1991 income tax return nor has he requested an extension of time as the defendant expects a tax refund. He has, however, indicated an expected 1991 tax liability on his current financial affidavit.
Real Estate
The marital home located at 56 Megan Lane, Stamford, Connecticut shall continue to be listed for sale and shall be sold. Until such time as the property is sold, the defendant shall be responsible for the monthly mortgage payment.
The plaintiff shall be responsible for the home owner's insurance when it becomes due as well as for the utilities and CT Page 4659 normal maintenance expenses in reference to said property.
The parties shall agree as to any fix-up expenses and/or extraordinary maintenance work to be done in the property, which expenses shall be deducted from the gross proceeds before any division of the proceeds.
After payment of the above items, if any, and after payment of the mortgage, real estate commission and usual closing costs, the plaintiff shall receive 65% of the net proceeds and the defendant shall receive 35% of the net proceeds. Any capital gains tax shall be apportioned in the same percentages.
The court shall retain jurisdiction over any disputes in connection with the listing or sale of the real estate.
The plaintiff shall have exclusive possession of the marital residence until such time as it is sold.
Alimony
Commencing on the first day of the month after the closing and sale of the marital property, the defendant shall pay to the plaintiff as periodic alimony the sum of $2,100 per month until the plaintiff shall die, remarry, or cohabit within the meaning of the statute, the death of the defendant or for a period of 17 years from the date of the first payment, whichever event shall first occur. An immediate withholding is ordered.
Arrears
The court finds an arrearage of alimony pendente lite in the amount of $600. Said arrears shall be paid in full within two weeks of date.
Debts
1. The defendant shall be solely responsible for the debt owed to his father, J. Gillin, and he shall hold the plaintiff harmless therefrom.
2. The defendant shall be solely responsible for the capital gains tax on the sale of the Florida house and he shall hold the plaintiff harmless therefrom.
3. The defendant shall be solely responsible for the remaining liabilities as shown on his financial affidavit, including the joint mortgage arrears for March, April and May.
4. The plaintiff shall be responsible for the liabilities as CT Page 4660 shown on her financial affidavit, if not otherwise disposed of in this memorandum.
5. The defendant shall be solely responsible for the parking tickets attributable to him.
Personal Property
1. The furniture and furnishings in the marital home shall be divided between the parties as they shall agree. They are referred to Family Relations in the event of disagreement. The court reserves jurisdiction to conduct a hearing and issue orders if the matter cannot be resolved by the parties.
2. The plaintiff shall be entitled to the stock securities listed on her financial affidavit free from any claim by the defendant.
3. The defendant shall be entitled to his motor vehicle and to his Quotron Retirement 401K Plan free from any claim by the plaintiff.
Medical Insurance
The plaintiff shall be entitled to medical benefits as are available pursuant to COBRA through the defendant's insurance coverage, at the plaintiff's expense.
Life Insurance
The defendant shall provide and maintain One Hundred and Fifty Thousand ($150,000)Dollars in life insurance for the benefit of the plaintiff for so long as the defendant has alimony obligations. This provision shall be modifiable.
Taxes
The defendant shall hold the plaintiff harmless from any liability in connection with any joint income tax returns filed by the parties, unless said liability is attributable to the plaintiff's mistake or omission in the reporting of her income.
Agreement and Undertaking
The defendant has executed an Agreement and Undertaking with respect to the college education of the parties two sons, issue of this marriage. Both sons are presently enrolled in college. The court approves the Agreement and Undertaking and enters it as an order. CT Page 4661
Attorney's Fees
Each party shall be responsible for their respective attorney's fees.
COPPETO, J.